# Richmond.

## MUTUAL BENEFIT LIFE INS. CO. v. MARYE, AUDITOR.

### January 17th, 1889.

1. INSURANCE—*Assessment company—Deposit.*—Only such assessment companies as raise money to pay a loss by a member's death, by assessment made upon those who survive him, are entitled, under act of May 18th, 1887, to be licensed without making the deposit of bonds under Code 1887, § 1271.
2. IDEM—*Surviving members.*—In the act of May 18th, 1887, "surviving members" designate such as are "not deceased," and not those whose policies are "not lapsed."

Application for a *mandamus* to compel the auditor of public accounts to issue a license to an assessment life insurance company without making the required deposit of bonds. Opinion states the case.

*W. R. Meredith,* for applicant.

*Attorney General R. A. Ayers,* for the auditor.

LACY, J., delivered the opinion of the court.

This is an application for the writ of *mandamus* to compel Hon. Morton Marye, auditor of public accounts of Virginia, to license the petitioning company, the Mutual Benefit Life Company of Hartford, Conn., to do business as an insurance company in this State, without complying with the provisions of chapter 53 of the Code of Virginia, and depositing with the treasurer of the State, under section 1271, bonds whose market value shall

equal five per centum of its capital stock, not to be less than ten nor more than fifty thousand dollars in any case. The ground upon which the said petitioning company claims to be exempt from the provisions of the said fifty-third chapter of the Code of Virginia is that by the terms of the act approved May 18, 1887, entitled "An act in relation to insurance companies and associations on the assessment plan," they are exempted. This act provides that the said auditor of public accounts shall license such companies as are therein referred to upon the payment of a license tax and fees as provided by law and set forth therein. It is conceded that this company is conducted upon the assessment plan, but it is claimed by the auditor that it does not come under the provisions of the said act of May 18, 1887, because it does not rely upon assessments made after a death occurs to raise the necessary money to pay the loss. The act, among other things, requires that the insurance company seeking to come under its provisions shall deposit with the auditor a copy of its constitution and by-laws, and of each and every edition thereof, *which must show that all indemnities to beneficiaries are in the main provided for by assessments upon all surviving members.* The auditor refuses to grant the license to this company because it is not such a company as this act contemplates. He says than an assessment life insurance company, as the term was understood when such companies were first introduced into this State, was one in which the money to pay a loss caused by the death of a member was raised by an assessment made after the death of such member upon those members who survived him. After running a few years, without changing the name of these companies, they made some changes in the mode of raising the money to meet losses, *one of the first changes being that a person entering the company was required to pay a certain fixed sum, to form a fund to be used* in paying a part of each loss in those years when the mortality might be unusually heavy, so that the calls upon those who survived might not be too heavy in those years. From time to time, whilst retaining the name of assess-

ment companies, these companies have gradually changed the mode of collecting the money to meet their losses, until a large number of such companies rely upon collections made before the death of each member to pay the amount of insurance upon his life. In insurance and business circles the words "assessment company," as distinguished from "old-line mutual" company, means that in such first-named company the money to pay a death loss is collected by an assessment made upon those members who survive the member, the insurance upon whose life is paid. Amongst those engaged in the life insurance business, "assessments upon surviving members" is understood to be assessments to meet the loss caused by the death of a member, made after his death, upon those members who survive him. In these views the auditor is sustained by a large number of insurance agents doing business in this State.

The petitioning company, on the other hand, contends that the word "surviving," as used in the act of May, 1887, has a plain and well-understood meaning among insurance men. The words "surviving members" are not, as the auditor claims, the antithesis of dead members. The word "surviving" in the insurance business is the antithesis of "lapsed." A surviving policy is one on which the assessments have continued to be paid; a lapsed policy is one where the assured has failed to pay the assessments. A surviving member is one who has always paid up his assessments, and is still a member of the company; a lapsed member is one who has failed to keep up his policy by paying the assessments. That it is in this sense that the word "surviving" is used in the statute. The requirement of the statute that "all indemnities to beneficiaries shall in the main be provided for by assessments upon all surviving members" simply means that they shall be paid in the main by assessments on those members who have continued to be members of the company by keeping up their policies and paying their assessments. These assessments the company can lay either at stated intervals or when a member has died. This view of the peti-

tioning company is concurred in by a number of insurance agents and business men of this community and elsewhere. Upon inquiry of him, the home secretary has stated: *" Certainly, we lay our regular assessments,* but have the privilege, at any time a heavy death rate makes its necessary, of laying not only an extra assessment, but half a dozen of them, if necessary." It is evident, we think, from this admission, and it is also evident from the sample policies filed, that all indemnities to beneficiaries are in the main provided by regular assessments, made before the death occurs, and not by assessments made after the death occurs, by assessments upon all surviving members. Such a company as would be exempt from the general law requiring foreign insurance companies to make deposit to secure citizens of this state indemnity in case of death of a member, are such as have a mutual system by which losses are in the main paid by laying an assessment for the purpose on the members of the company who are living, and whose regular assessments are in the main required for current expenses of whatever sort, and the reason such a company is not required to make such a deposit is, doubtless, because, by its plan, and the economy of its assessment, there is no fund held out as an inducement to secure losses, and no fund actually in existence out of which to make the required deposit. But when a company lays its regular assessments, and in advance of any loss, and thus creates a fund out of which losses may be promptly paid, and which is held forth as an inducement to inspire confidence, and out of which the loss may be promptly paid or not as the company may decide, such a company does not come under the act of May 18, 1887, but falls under the general law, (chapter 53, Code Va.,) and must make such deposit as is required by section 1271. It certainly cannot be said of such a company that the indemnities to its beneficiaries are provided for in the main by assessments made on the surving members. We think the auditor is right in his construction of the term "surviving members," and we cannot concur in the claim of the petitioner

that this refers to surviving policies, or members whose policies have not lapsed, because, by the terms of the policy in this company, a failure to pay any assessment on the day due forfeits the policy, and no assessments are afterwards made on that policy. But the plain terms of the statute exclude, we think, any other conclusion than the one arrived at by the auditor. If all indemnities are to be in the main provided for by assessments on the surviving members, that a company may claim exemption from the provisions of the general law, then a company that provides for its indemnities to beneficiaries by assessments on surviving members only on extraordinary occasions, and when special circumstances make it necessary to do so, and provides for these indemnities in the main, and generally, except under exceptional circumstances, by regular assessments, whatever may be its merits and advantages as a business concern, does not come under the act of May 18th, 1887, *supra*, but must fall under the general law ; and the auditor was right to refuse his certificate in this case, and the writ prayed for must be denied.

MANDAMUS DENIED.